ELLIS, Judge.
On June 11, 1948 a collision occurred between a vehicle owned :by Ivan Carline and one owned by Byrnes Brothers Trucking Company. On January 13, 1949 a suit was filed wherein plaintiff, the Home Insurance Company, alleged itself to be the collision insurer of Ivan Carline, and that the defendant, Highway Insurance Underwriters, was the public liability insurer of Byrnes Brothers Trucking Company. This suit *450 sought a judgment of $1609.38 against Highway Insurance Underwriters, representing the amount of a legal subrogation which had been executed by Ivan Carline in favor of Home Insurance Company.
An answer was filed, and upon July 12, 1949 a supplemental and amended petition was filed in the name of Home Insurance Company and Ivan Carline. In this suit, Home Insurance Company increased its demand to $3,163.47. The supplemental petition made Ivan Carline a party plaintiff for the first time and set forth a demand upon, his behalf for $2,340.00, which consisted of $150.00, the deductible portion of his policy of insurance, and a claim for $2,190.-00 for loss of use of the damaged vehicle while undergoing repairs, from June 12, 1948 through October 20, 1948.
The defendant filed a plea of prescription directed at all of the claims asserted by Ivan Carline and an exception of no right of action directed to Home Insurance Company’s claim.
The trial court maintained the plea of prescription and the exception of no right of action, and from this judgment plaintiffs have appealed.
According to Article 7, Section 10 of the Constitution, the Supreme Court has appellate jurisdiction in civil suits “where the amount * * * therein claimed, shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances”. (Emphasis added.)
According to Section 29 of Article 7, the Courts of Appeal have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the District Courts have exclusive original jurisdiction, regardless of the amount involved exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction.
In this case, this is not a suit for damages for physical injuries or for damages caused by or resulting from an act which caused also a physical injury. As far as the allegations go, the suit is for property damage and the loss resulting therefrom. As the amount of damages claimed by the Home Insurance Company exceed two thousand dollars, exclusive of interest, we have no appellate jurisdiction. As to it, the case must be transferred to the Supreme Court.
It is therefore ordered that this case be transferred to the Supreme Court provided that appellant files the record in that court within sixty days of the finality of this decree.
The same comment could be made as to the claim of Ivan Carline. He claims $150.-00, the loss incurred on his motor vehicle, being the deductible portion of his policies with the Home Insurance Company, and $2,190.00 for the loss of the use of his vehicle while undergoing repairs from June 12, 1948 through October 20, 1948, or eight hours a day for one hundred thirty days, making a total of $2,340.00 — an amount over $2,000.00. However, he now concedes that his claim of $150.00 and that portion of his claim from June 20, 1948 to July 12, 1948, or twenty-two days, or $370.61, is prescribed, thus reducing his claim in this court to $1,819.39, an amount within our jurisdiction.
As to the plea of prescription, the learned judge of the District Court in his written reasons sustaining the plea has thoroughly covered this phase of the case and arrived at a correct conclusion, and we hereby adopt his reasons which are as follows:
“Plaintiff Carline concedes that his claim of $150 is prescribed and that his demand for the loss of the use of his truck between the date of the collision and July 12, 1948 is likewise prescribed. This latter admission is based on the fact that the plea of prescription prevents him from recovering the loss incurred more than one year prior to the filing of this suit. His suit was filed July 12, 1949, and hence he concedes that any damages suffered by him more than one year prior to that date is prescribed. There is no doubt of the correctness of this proposition.
*451 “The question presented, therefore, is whether or not his claim for the loss of the use of his truck from July 12 through October 20, 1948, is prescribed.
“In his attempt to defeat the plea of prescription he calls our attention to the provision of Articles 3536 and 3537 of the Louisiana Civil Code. Article 3536 establishes the prescription of one year on claims for damages resulting from offenses and quasi offenses. This is the article applicable here.
“He calls particular attention to the provision of Article 3537 which provides, ‘And in the other cases from that on which the injurious words, disturbance or damage were sustained.’ He argues that he sustained ‘damage’ continuously, and every day, between July 12 and October 20, 1948, and that therefore the prescription of one year did not begin to run until the day on which he suffered the damage. Plaintiff has presented very forceful argument in support of this contention, and it is possible that courts could place the interpretation he seeks of the quoted provisions of Article 3537 of our Civil Code. In one sense he is correct that each day through October 20, 1948 he suffered ‘damage’ for which he should be entitled to recover for a period of one year.
“It is unfortunate for him, however, that our courts have already had the opportunity of considering the same argument he presents but have placed a contrary construction upon the meaning of the quoted article.
“In the year 1903 in the case of Griffin v. Drainage Commission of New Orleans et ah, 110 La. 840, [34 So. 799] the Supreme Court had the opportunity of passing upon the identical question.
“In that case the plaintiff owned a building that had become damaged by excavations of the defendant. The excavations were conducted in the month of November, 1898 but the building did not at once reveal its total damage. The damage was progressive and continuous. On June 26, 1901 the plaintiff filed his suit and alleged the prior damage and that further damage was still in progress and continuing up to the filing of the suit, and would continue thereafter. In that case, as in the present, the plaintiff argued that it was not on the day of the digging of the trench that his building collapsed but it was every day since that it gradually deteriorated. He maintained, as plaintiff is maintaining here, that the law contained in the quoted Civil Code Article allowed him one year from the date of the damage in which to come before court to claim it.
“In answering that contention the Supreme Court said:
“ ‘Where a wrongful act gives rise to immediate damage, the law directs that an action for redress must be brought within a year of that date.
“ ‘That date is to be taken as the initial point for the one year’s prescription.’
“The contention is more clearly answered in the case of Luke v. Caddo Transfer & Warehouse Company, [11. La.App. 657] 124 So. 625, 626.
“In that case plaintiff was injured while a passenger in one of defendant’s trucks. The truck ran against and knocked down a post supporting a brick structure. The post gave way and the bricks of the building supported by the post became dislodged and fell upon him injuring him seriously and permanently. This happened on January 30, 1923. Suit was filed January 31, 1924. A plea of prescription was filed by the defendant.
“In attempting to overcome the plea, plaintiff presented the same argument as Carline does here. The argument is analyzed and answered by the Court in the following language.
“ ‘But counsel for plaintiff argue that his cause of action did not arise until such time as he could determine definitely the result of his injuries. He suggests, for instance, that he could not know on the day he was injured how long he would be disabled, how long he would suffer, how long he would be confined in the hospital, and what expenses would be incurred until later, and that he could not fix the amount of his claim as a basis for his suit until the time had elapsed and such expenses had been incurred. The answer to that argument is that his petition shows that he was confined *452 to his bed for only 90 days, during which time he could, of course, do no work’ and was attended by a physician, had endured pain and suffering — for all of which he claims damages. At the end of that time, he could have definitely determined at least a portion of his damages, as well as later. After he was released from the hospital he then had nine months in which to file his suit, and he suggests no reason- why he could not have filed it within that time.’
“The Court further stated:
“ ‘It is true that the damage resulting from the injuries were destined to be suffered in the future; nevertheless, tho-se injuries exhibited a present degree of certainty which justified their being made the basis of a judgment. The nature and extent of the injuries were known immediately and were such as to make it sure that plaintiff would suffer loss and damage therefrom.’
“It is clear, therefore, that our courts hol'd that when damages are inflicted, and they are immediately apparent, to the knowledge of the person suffering them, prescription begins to run from the date they are inflicted, even though the extent of the damages was not then ascertainable.
“In our case the plaintiff Carline knew on June 11, 1948 that his truck was damaged beyond use. His cause of action for damages arose on that date. He could have filed suit then or within one year thereafter.
“There are cases which have been referred to as exceptions to this rule, but they are not really exceptions. These cases are where the injured party did not Enow or could not ascertain the fact that he had suffered damages at the time the injhry was inflicted or where the actual damages did not manifest themeselves until a later date.
“The Court of Appeal of Orleans Parish in the case of Perrin v. Rodriguez et al., [La.App.] 153 So. 555, lists some of these so-called exceptions in its second syllabus as follows:
“ ‘2. Prescription: Generally, one year prescription applicable to claim for damage ex delicto-, runs from day on which damage was sustained, 'but exception exists where there is no knowledge of damage or where injured party, through some act of tort-feasor, is kept in ignorance of fact of damage or cause thereof (Civ.Code, arts. 3536, 3537).’
“The most notable, and most quoted, instance where prescription was held not to run from the date of the injury is the case of Jones v. Texas & P. Ry. Co., 125 La. 542 [51 So. 582].
“In that case plaintiff’s two- mules were struck by defendant’s train. One died immediately and the other appeared to have suffered only a flesh wound. The latter was treated and placed in a pasture to recuperate. It later died from the injury. Plaintiff sued for his expenses of treating the mule and for its death. The Court held that the expenses of treatment prescribed in one year but that the claim for the mule’s death did not prescribe until one year from the date of its death. The basis for the ruling is that the1 cause of action for the death of the mule did not arise until the mule died. That holding is in accordance with the provision of Article 3537 of the Civil Code. To the same effect is the holding in Guderian v. Sterling Sugar & R. Co., Limited, 151 La. 59 [91 So. 546], and Rady v. Fire Insurance Patrol of New Orleans, 126 La. 273 [52 So. 491).
“Another seeming exception to this general rule is contained in the so-called paper mill cases. Young v. International Paper Company, 179 La. 803, 155 So. 231, Rhodes et al v. International Paper Company, 174 La. 49, 139 So. 755; Spyker et al. v. International Paper Company, 173 La. 580, 138 So. 109.
“In these cases the tort complained of was a continuing one. The Court held that each day that a new tort was committed an action for damages came into existence and the prescription of one year applied to- each tort.
“It must necessarily follow, therefore, that Carline’s cause of action arose June 11, 1948 because on that date the damages he suffered were apparent and kno-wn to him and that prescription began to run on that date. The fact that he did not then know, and that he did not know for several months thereafter, to what extent he had 'been damaged, does not place his case with *453 in the so-called exceptions. The plea of prescription to his claim is therefore well taken.”
It is, therefore, ordered that the judgment of the District Court sustaining the plea of prescription as to the claim of the plaintiff, Ivan Carline, be affirmed.