### FALLS v. EMPLOYERS' LIABILITY ASSUR. CORP., Limited.

Civ. No. 3335.

United States District Court,
W. D. Louisiana, Alexandria Division.

April 23, 1952.

McSween, Eubank & McSween, Alexandria, La., for plaintiff.

Cook, Clark & Egan, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

This is an action in damages for alleged malpractice on the part of a physician, brought solely against his liability insurer. Defendant has moved to dismiss the complaint and, in the alternative, to transfer the case to the Shreveport Division, alleged domicile of the doctor. Further, in the alternative, defendant asks a more definite statement with respect to certain of the allegations.

The grounds for dismissal are stated as follows:

"(a). This suit is brought under [LSA-]R.S. 22:655 and the only domiciliary allegation in the complaint with reference to defendant's assured shows that such assured is a resident of Caddo Parish, Louisiana.

"(b). The only allegations in the complaint with reference to the Parish where the alleged injury occurred are to the effect that the same occurred in Caddo Parish, Louisiana.

"(c). The operation which is the basis of the second claim asserted by complainant took place in Caddo Parish, Louisiana.

"(d). Caddo Parish, Louisiana, is located within the Shreveport, Division of this Court."

(a). As stated, the assured is not made a party and the suit is against the insurer directly and alone, under the State statute, hence the residence of the doctor is not material as to this point.

(b). A reasonable interpretation of the complaint does indicate that all of the alleged tortious acts and damages were committed and suffered in Caddo Parish, and if the argument of counsel for defendant to the effect that the direct action statute makes it indispensable that such a suit be brought at either the domicile of the tortfeasor or where the acts were committed, then it could not be maintained anywhere else. Undoubtedly, the statute must be strictly construed, since it is in derogation of common right. As has been said by this court in other cases, the obligation of the insurer is primarily to the insured, to, in effect, hold him harmless against claims of others unknown at the time the policy is issued; but, contrary to the practice in most jurisdictions of the country, in some of which at least, it is reversible error to allow the jury to know that the alleged tortfeasor is covered by insurance, the Louisiana Statute not only expressly permits the direct action, but attempts to draw within its scope contracts of insurance wherever made. For these reasons, it is believed that such a suit as this must be brought in one or the other of the two places expressly provided by the said statute. Here, the place of the alleged damage and the domicile of the insured are the same, Caddo Parish, and the case should be transferred to the Shreveport Division. Another reason for this view is that, since

258

undoubtedly the plaintiff will insist upon a jury trial, the jurors will be drawn from the section of the district in which the doctor is known, rather than from that of the plaintiff who makes the complaint. The complaint carries serious charges against a presumably reputable physician and, human nature. being what it is, the court does not believe that the situation which this statute creates should be further aggravated by subjecting the insurance company to the possibilities of a trial in the Alexandria Division.

Defendant has also pleaded the prescription of one year, under arts. 3534 and 3536 of the Louisiana Civil Code. The allegations of the complaint, in effect, say that the plaintiff and her deceased husband had full confidence in the insured, and were unaware of the alleged malpractice until long after the acts had been committed. If the trial should disclose this to be true and the action was brought within the time provided by the State law, the plea could not be maintained. See McGuire v. Monroe Scrap Material Co., 1938, 189 La. 573, 180 So. 413; Home Insurance Co. v. Highway Insurance Underwriters, La.App., 1951, 52 So.2d 449, Id., La.Sup., 53 So.2d 298.

As to the points made by defendant, that service was not had until prescription ran, and that Act No. 39 of 1932, LSA–R.S. 9:5801, providing that the mere filing of the petition would interrupt it, could not apply because the complaint was not brought at the place required by the direct action statute, this, too, is not clear, in view of the nature of the allegations, and all questions of prescription will be referred to the merits.

Defendant also contends that the complaint does not contain allegations upon which relief can be granted. It is argued, in line with the state jurisprudence, that the plaintiff will have to prove a lack of skill in the branch of the profession which the doctor pursued, or that he was guilty of acts of commission or omission in handling the case which could not be justified or was contrary to what doctors in the same circumstances would have done. However, taking the complaint as a whole, it does recite facts from which it might be concluded that

there was a suppression of information as to the true physical condition of the deceased, under circumstances where if revealed and other doctors had been called in consultation, a different result might have followed.

It is believed that the complaint advises defendant of the nature of the claim sufficiently to put it upon notice as to what will be attempted in the matter of proof.

With respect to the rather lengthy request for a more definite statement, it is the view of this court, without treating the points in detail, that they are evidentiary and the information can be obtained through discovery and interrogatories.

An order should be entered transferring the case to the Shreveport Division, referring the plea of prescription to the merit, and overruling the demand for a more definite statement. Proper decree may be presented.