309 So.2d 722 (1975)
John R. NEYREY
v.
Wallace C. LEBRUN et al.
No. 6631.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1975.
John R. Neyrey, in pro per.
George C. Ehmig, Harahan, for defendants-appellees.
Before REDMANN, LEMMON, GULOTTA, BOUTALL and MORIAL, JJ.
*723 GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing his suit for libel and slander on defendants' plea of one-year prescription.[1]
This suit, filed on April 9, 1974, is based on an alleged defamatory letter which the defendants sent to the Louisiana State Bar Association on April 30, 1972, in response to a charge which had been filed against them by the plaintiff with the Bar Association. Plaintiff did not receive a copy of the letter but received a communication from the Bar Association notifying him that a response had been filed and that the charges had been dropped or suspended pending the outcome of relevant litigation. Plaintiff took no further action at that time.
According to plaintiff, it was not until September, 1973, that he became aware of the content of the alleged libelous statements made in the letter to the Bar Association.
Plaintiff's position is that prescription commences to run when one has knowledge, constructive or actual, that a tort occurred. In that regard, plaintiff claims the doctrine of contra non valentem agree nulla currit prescriptio (prescription does not run against him who could not bring the suit) is applicable since he was not aware of the contents of the response (the letter) until September, 1973. According to Neyrey, the filing of suit on April 9, 1974, was timely within the prescriptive year.
In response, defendants contend plaintiff had actual knowledge of the response (April 30, 1972) which placed upon him the responsibility to inquire into its content. According to defendants, plaintiff's lack of knowledge of the content of the letter was caused by his own negligence in failing to inquire once he had knowledge that a response had been filed. Therefore, defendants claim prescription commenced to run from the date of the response, and a suit filed on April 9, 1974, has prescribed.
We agree. Plaintiff received notice of a response but chose not to inquire into its content. We are not impressed with Neyrey's argument that he could not bring suit since he had no knowledge that the response contained statements of a libelous nature. Lack of awareness was caused because of Neyrey's negligence in not making inquiry into the content of the response. Neyrey complained to the Bar Association about defendants' conduct. He came under a duty to inquire as to the contents of defendants' reply when he was informed by the Bar Association that defendants had responded to his complaint and the matter had been closed.
The court was confronted with notice and inquiry as it relates to prescription in Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285, 287 (1970). In that case, the court stated:
"Whatever is notice enough to excite attention and put the owner on his guard and call inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."
That court relied on National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234 (1925), where we find similar language.
"Notice of facts which ought to excite inquiry, and which, if pursued, would lead to knowledge if other facts operates as notice thereof."
We draw from these cases that knowledge of any fact which might lead to *724 knowledge of the tort constitutes notice. Plaintiff had knowledge that a response had been filed. It reasonably follows that if he had inquired, he would have discovered the content of the response upon which this suit is based. Under the circumstances, we cannot say that prescription did not commence to run until plaintiff became aware of the content. Plaintiff's lack of awareness resulted from his own negligence in not making inquiry into the content of the letter after he became aware of its existence. See Cartwright v. Chrysler Corporation, supra.
If a different result is reached, and no responsibility for inquiry is placed upon plaintiff, any plaintiff could conceivably say that he became aware of the occurrence on any date that would fall within a year of the filing of the suit. Prescription would then be dependent upon the subjective and convenient state of mind of the plaintiff. Only the plaintiff in this instance could know when he became aware. No one could dispute his subjective state of awareness. Such a result is untenable.
We reject plaintiff's suggestion that the theory of contra non valentem (prescription does not occur against him who could not bring the suit) is applicable in the instant case. Courts have limited the application of this doctrine to those cases in which plaintiff's ignorance was neither willful nor negligent, and defendant concealed the occurrence or committed acts which tended to hinder or prevent the plaintiff from obtaining knowledge of the occurrence. See Cartwright v. Chrysler, supra; Aegis Insurance Co. v. Delta Fire and Casualty Co., 99 So.2d 767 (La.App. 1st Cir. 1957); Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409 (1951). In the instant case, we do not have any indication or claim by plaintiff that the publication of the alleged offending letter was concealed from the plaintiff or that plaintiff was hindered from obtaining knowledge.
It is arguable that LSA-C.C. art. 3537, which states that the prescription of one year commences when the damage or the disturbance was sustained, is applicable. Courts of this state have allowed plaintiffs to maintain suits filed within one year of the date of the discovery of the damage when the damages or the injury sustained had not manifested itself until after the commission of the tort. For example, a suit was brought within one year of the death of a mule, when the mule did not die at the time of the tort,[2] within one year of the loss of an eye although the loss occurred several months after the tort,[3] and within one year of the discovery of malpractice although dental procedure had occurred previously.[4] However, a distinction exists between the above cited cases and the instant one. The injury in the instant case, if any occurred, was sustained simultaneously with the writing and receipt of the letter by the Bar Association. Prescription commenced to run from that date. Accordingly, we conclude the suit filed on April 30, 1974, more than one year from the receipt of the letter by the Bar Association is prescribed.
However, plaintiff's petition alleges subsequent publication of the alleged libelous letter to other persons. Paragraph IV of the petition states:
"That subsequent to the publication of said letter to the Louisiana State Bar Association, defendants did orally, maliciously and falsely, and with actual malice and wilful intent, convey the contents of said letter and the related false statements to a number of persons, including several Judges of the 24th Judicial District Court, officials of Jefferson Parish, attorneys, business and personal acquaintances *725 of plaintiff to injure plaintiff in destroying and damaging his reputation, credibility, mental stability and business reliability among the Courthouse personnel, Judges, public officials, attorneys and business and personal acquaintances of defendant."
The petition fails to allege specific dates of these subsequent publications. We cannot say these acts have prescribed. Nor can we say they have not prescribed. If the subsequent publications to third persons are libelous, these publications are independent of the initial communication to the Bar Association. Each publication of a defamatory letter or statement results in a new and separate tort. Amendment to plaintiff's petition conceivably could supply those dates. In such instance, our law looks with favor on permitting the filing of amendments where plaintiff can supply the information. See LSA-C.C.P. art. 934. Under the circumstances, we deem it proper that this matter be remanded to permit plaintiff an opportunity to supply the needed dates.
Accordingly, the judgment maintaining the plea of prescription to the claim based on the receipt of the letter by the Bar Association on April 30, 1972, is affirmed. That part of the judgment dismissing plaintiff's suit in its entirety is reversed. The matter is now remanded to the trial court to afford plaintiff an opportunity to amend his petition to allege dates of the subsequent alleged publication of the letter.
Affirmed in part; reversed in part; and remanded.
LEMMON, Judge (dissenting in part).
In April, 1972 plaintiff filed a complaint against defendants, who are attorneys, with the Louisiana State Bar Association. On May 30, 1972 defendants responded to the complaint by writing a letter to the Association. Plaintiff was not furnished a copy of the letter, but was notified by the Association that defendants had responded to his complaint and that the matter had been closed.
This suit was filed on April 9, 1974.
Plaintiff testified that he first learned of the letter on September 21, 1973, when his lawyer was given a copy by another attorney, and that he was unaware of its contents prior to that date. He immediately wrote the Association and requested reactivation of his complaint.
The party who asserts prescription as an affirmative defense has the burden of proving the facts necessary to establish the defense.
Prescription does not run against a party who is unaware of the facts which give rise to his cause of action, unless that party's ignorance is willful or results from failure to inquire after attaining information or knowledge which would reasonably call for further inquiry.
In the present case defendants contend plaintiff would have been aware of any possible defamation if he had simply inquired further upon being notified defendants responded to his complaint. The test, however, is not the ease of obtaining additional information; rather, the test is whether the surrounding circumstances should reasonably alert him to seek further information.
The fact that defendants had responded to plaintiff's complaint was no indication that the response contained possibly defamatory statements. Notice of the response is not sufficient to excite inquiry as to whether a cause of action for defamation has arisen.[1]
Furthermore, defendants have not proved general knowledge of the existence and contents of the letter or any other circumstances *726 which would indicate plaintiff knew or should have known the allegedly defamatory statements had been published.
I would hold that defendants have failed to prove, by direct or circumstantial evidence, the facts necessary to establish plaintiff's cause of action has prescribed.[2]
I concur that plaintiff's suit should not have been dismissed in its entirety in any event. Plaintiff had additionally alleged that the defendants had subsequently communicated the contents of the letter to other persons, although he did not specify names and dates. The cause of action asserted by these allegations was subject to an exception of vagueness; this, however, does not warrant dismissal of the action, and even if vagueness were grounds for a peremptory exception, C.C.P. art. 934 requires allowance of a period within which to amend.
REDMANN, J., dissents for reasons assigned by LEMMON, J.
NOTES
[1] LSA-C.C. art. 3536 reads in part as follows: "The following actions are also prescribed by one year:

"That for injurious words, whether verbal or written, and that for damages caused by animals or resulting from offenses or quasi offenses. * * *"
[2] Jones v. Texas & P. Ry. Co., 125 La. 542, 51 So. 582 (1910).
[3] Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546 (1922).
[4] Perrin v. Rodriguez, 153 So. 555 (La.App. Orl.1934).
[1] This is vastly different from Cartwright v. Chrysler Corp., supra, in which the plaintiff, cognizant of the fact that the brakes on the other car in the accident had failed, did not sue the manufacturer until he had lost his suit against the motorist who suffered the brake failure.
[2] Plaintiff obviously will have a problem proving damages caused by defamation that he was unaware of for 15 months. Nevertheless, the difficulty of proving damages should not influence the determination of an exception of prescription.