UNITED STATES of America,
Plaintiff-Appellee,

v.

Vincent Jones SCOTT, Defendant-
Appellant.

No. 71-1672.

United States Court of Appeals,
Tenth Circuit.

April 3, 1972.

E. Edward Johnson, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for plaintiff-appellee.

Edward B. Lee, Englewood, Colo., for defendant-appellant.

Before HILL, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Defendant-appellant Scott was found guilty by a jury of the offense of transportation in interstate commerce of a falsely made or forged security, knowing the same to have been falsely made or forged, contrary to 18 U.S.C. § 2314. The defendant contends on this appeal that the evidence fails to establish that the instrument in question was falsely made or forged; that the essential character of the instrument was that of a short or insufficient funds check; and that this type of instrument is not within the ambit of the statute.[1]

The government's theory of the case was that appellant and his codefendant, Liston, negotiated this check as part of a scheme to obtain funds from Topeka, Kansas banks. The scheme contemplated the drawing of fraudulent, insuffi-

---

1. 18 U.S.C. § 2314 provides in pertinent part:

    \*     \*     \*     \*     \*

    Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited;

    \*     \*     \*     \*     \*

    Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

    \*     \*     \*     \*     \*

cient funds checks on an Illinois bank account, depositing the checks in savings accounts in Kansas banks, and then withdrawing the funds before the check returned from Illinois.

The evidence established that on August 6, 1969, two persons opened a checking account in the name of Argall Insurance Agency by depositing the sum of $25.00 in the Farmers and Merchants Bank in Highland, Illinois. Subsequently, Liston and Scott opened a savings account in the Topeka State Bank in Topeka, Kansas, using the fictitious names of John Lang and Joseph Larson. In this account they deposited a $3,600.00 check drawn on the account of Argall Insurance Agency at the Highland, Illinois bank. This $3,600.00 check purports to have been drawn by Larry Jones. It was made payable to "cash" and was endorsed by Larry Jones and by J. D. Lang. In fact, the J. D. Lang endorsement was made by Liston in the presence of the teller. It was deposited in the savings account in the Topeka bank. On August 11, 1969, the appellant drew out $3,500.00 in the form of a money order made payable to John Lang.

There were similar transactions coinciding in time. The two defendants opened savings accounts in three other Topeka banks on the same day, August 8, 1969. In each of these accounts they deposited a check identical to the check which was deposited in the Topeka State Bank. In each instance they attempted a withdrawal, but in these instances the tellers refused to allow withdrawal until the deposited check had cleared the Illinois bank. In the Topeka State Bank, a cash withdrawal was also sought. The inexperienced teller refused this but did agree to issue a bank money order in the amount of the withdrawal. All of the deposited checks were returned for insufficient funds.[2]

Defendant's main contention is that the deposited check which was caused to be transported in interstate commerce was not shown to have been a forgery. The argument is that at most it constituted a short or insufficient funds check and that such an instrument rules the case out as a forged or falsely made instrument within the contemplation of § 2314. This point was preserved by motions for judgment of acquittal and for directed verdict at the end of all of the evidence. There was also objection to the court's instruction on forgery.[3]

We are thus called on to determine the meaning of the terms "falsely made" and "forged" as these are used in § 2314. This court has previously held that there is no substantial difference in the meaning of these two criteria. Marteney v. United States, 216 F.2d 760 (10th Cir. 1954).[4] There is, though, au-

2. The initial $25.00 was all that was ever placed in the insurance agency account.

3. The court instructed the jury that:
   "A forged or falsely made security under this section of the statute means a security falsely or fictitiously made, signed, or altered, with the intent to defraud, and which would be legally effective if genuine. The falsification must relate to the execution or making of the security, rather than to its content.
   To constitute a forgery, the name alleged to be forged, that of Larry Jones in this case, need not be that of a person in existence and may be found to be wholly fictitious if the check, Exhibit 14, in this case, was made with the intent to defraud and show on its fact (sic) that it has sufficient efficacy to enable it to be used to the injury of

another, as where it is used to obtain money from a bank.
   A person without abandoning his real name may adopt or assume a name, and he may use such assumed name to identify himself in the transaction of his business, but he must not use it to defraud others through a mistake of identity."

4. The court said there that:
   As used in criminal statutes, the words "falsely made" and "forged" are homogeneous, partaking of each other. They have always been synonymously construed to describe a spurious or fictitious making as distinguished from a false or fraudulent statement. The words relate to genuineness of execution and not falsity of content.
   *   *   *   *   *

**850**

thority for the proposition that "falsely made" has to do with use of a fictitious name with fraudulent intent, whereas "forgery" applies only when the name of a genuine obligor is used. Pines v. United States, 123 F.2d 825, 828 (8th Cir. 1942).

We are persuaded that a transaction such as that presented in the instant case is within the scope of § 2314, notwithstanding that a fictitious name was used since it was part of a scheme to defraud. See Kitchens v. United States, 272 F.2d 757, 761 (10th Cir. 1959), in which this court held that the action of endorsing a check with a fictitious name and with fraudulent intent constituted forgery. In the *Kitchens* case the instrument involved was a government check. Here we have a printed check with the name of a false insurance agency printed on its face and the use of a protectograph to inspire even more confidence. In addition, the name of the drawer-endorser is fictitious, as well as the name of the second endorser, J. D. Lang. In fact, there is nothing about the instrument which even hints at truthfulness.

In United States v. Metcalf, 388 F.2d 440 (4th Cir. 1968), the facts were almost identical with the facts at bar. This Fourth Circuit decision teaches that the series of fraudulent acts embraced in that transaction constituted forgery.

It is clear then that Marteney v. United States, *supra*, and the cases cited in that opinion, are not applicable here.

The trial court was correct in its rulings and also in its instruction defining forgery.

The judgment is affirmed.

Making application of this construction of the words as employed in Section 2314, it has been uniformly held that a check drawn by a true maker on an existing bank is not "falsely made" or "forged" within the meaning of the statute, even though there were no funds to the account of the drawer in the drawee bank; and, that an indictment or information which affirmatively describes the falsely made and forged security in this manner states no federal offense under Section 2314. 216 F.2d at 763.