United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 02-31240
_____

Edwin O. Ware, IV,

Plaintiff - Appellant,

versus

CLECO Power LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
District Court No. 01-CV-1844
_____

Before DEMOSS, DENNIS, and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

Appellant Edwin O. Ware IV ("Ware") sued his former

employer, CLECO Power ("CLECO"), alleging that CLECO had

discriminated against him on the basis of race and had terminated

him in retaliation for his complaints about racial

discrimination, in violation of Title VII, 42 U.S.C. § 2000e-2

*et seq.* ("Title VII"), and LA. REV. STAT. § 51:2256.  Ware's

---

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

complaint also contained claims for intentional infliction of emotional distress, and for violation of Louisiana's Whistleblower Statute, LA. REV. STAT. § 23:967. Ware now appeals the district court's grant of summary judgment against him on all of his claims.

**Factual Background**

Ware began working at CLECO in 1987 and was transferred to the credit and collections department in 1993. In the fall of 2000, Ron Smith was hired as his supervisor. Both parties concede that the relationship between the two was contentious from the beginning. Ware told several co-workers he believed Smith was hired because he was African-American. After a staff meeting on November 27, 2000, Smith called Ware into his office and counseled him for exhibiting negative body language and for being argumentative during the meeting. Immediately after this meeting, Ware visited one of Smith's superiors, Anthony Bunting, to complain about Smith. On December 1, 2000, several supervisors, including Smith, met with Ware and asked him to stop criticizing Smith to co-workers.

On January 11, 2001, Ware complained to Cathy Powell, a CLECO Senior Vice-President. Ware told her he believed there was a "Black Coalition" at CLECO in which African-American employees were hiring and promoting their African-American friends. Ware alleges that between December 5, 2000, and January 12, 2001, another employee in his department, Ellen Scroggs, informed Smith

-2-

that Ware was saving Smith's e-mail messages in order to build a case against Smith. On January 17, 2001, Smith wrote a memo concluding that Ware should be suspended without pay for three days, or be given notice in lieu of termination.[2]

When Ware returned to work on Monday, January 22, 2001, he met with the CLECO employee who was following up his complaint to Powell, and was instructed to take the next week off with pay. During the week of January 22, 2001, CLECO supervisors conducted two separate investigations into Ware's complaints and his work history. Smith interviewed all of the employees in Ware's department to see if Ware had been complaining to them about Smith's management. While the employees reported hearing Ware criticize management, it was not clear if these comments were made before or after Ware had been asked to stop criticizing management on December 1, 2000.

On January 26, 2001, Smith met with other CLECO supervisors and proposed that Ware be terminated. Smith supported his decision by arguing that Ware was causing a morale problem in the department and not completing his assigned work. On January 29, 2001, a CLECO human resources employee met privately with Ware and told him that he was being terminated for "not being a team player."

---

[2]Ware was on vacation at this time.

**Standard of Review**

A grant of summary judgment is reviewed *de novo*. *Hanks v. Transcon. Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). In reviewing summary judgment motions, courts are to make all reasonable inferences in favor of the non-moving party and may not make credibility determinations or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is proper if the movant can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c). To defeat a motion for summary judgment, the non-movant must show that there is indeed a genuine issue of material fact, based on evidence greater than mere conclusory allegations or unsubstantiated assertions. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994).

**Retaliation Claim**

In his complaint, Ware alleged violations of both LA. REV. STAT. § 51:2256 and Title VII.[3] To make a *prima facie* case of retaliation under Title VII, a plaintiff must show that: 1) he engaged in activity protected by Title VII; 2) there was an

---

[3] Because Louisiana courts look to Title VII standards to apply § 51:2256, those are the only standards that need to be examined here. *See Devillier v. Fidelity & Deposit Co. of Md.*, 709 So.2d 277, 280 (La. Ct. App. 3 Cir. 1998); *McMillan v. Corridan*, No. Civ. A. 97-3981, 1999 WL 729250, at *2 (E.D. La. Sept. 15, 1999).

adverse employment action; and 3) there was a causal nexus between the protected activity and the adverse employment action. *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999). To show a causal nexus, a plaintiff must show only that the protected activity was among the factors motivating the adverse employment action, not that it was the sole motivating factor. *See Long v. Eastfield College*, 88 F.3d 300, 305 n.4 (5th Cir. 1996). Temporal proximity between the protected activity and the adverse employment action may be a significant factor in showing this causal link. *See Evans v. City of Houston*, 246 F.3d 344, 356 (5th Cir. 2001; *Swanson v. Gen. Servs. Admin.,* 110 F.3d 1180, 1188 (5th Cir. 1997). A *prima facie* case may also be supported by a showing that the person who ultimately decided on the adverse employment action was improperly influenced by the person against whom a retaliatory motive was alleged. *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002).

If the plaintiff succeeds in making a *prima facie* case of retaliation, the burden then shifts to the defendant to show a legitimate non-discriminatory rationale underlying the employment action. *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001). If the defendant is able to show a legitimate rationale for the employment action, the burden shifts back to the plaintiff to show that defendant's stated rationale is a mere pretext for the

real, discriminatory purpose that motivated the action. *See Aldrup*, 274 F.3d at 286. This Court has noted that an employer's reliance on subjective criteria to make employment decisions can provide "a ready mechanism" for racial discrimination. *Rowe v. Gen. Motors Corp.*, 457 F.2d 348, 358 (5th Cir. 1972).

The parties concede that Ware's complaint to Powell was a protected activity and that Ware's termination was an adverse employment action. To make a *prima facie* case of retaliation, Ware must only show that there was a causal nexus between his complaint and his termination. *See Casarez*, 193 F.3d at 339. Ware made his complaint on January 11, 2001 and the decision to terminate him was made on January 26, 2001. This close timing suffices to shift the burden to CLECO to state a legitimate non-discriminatory reason for terminating Ware. *See Evans,* 246 F.3d at 356; *Swanson*, 110 F.3d at 1188.

CLECO claims that Ware was fired because of insubordination in continuing to criticize Smith after being asked to stop. However, Smith acknowledged that his decision to recommend terminating Ware was based, at least partially, on Ware's attitude towards Smith, and Ware's effect on department morale. These highly subjective judgments, could easily be pretext for retaliation. *See Rowe*, 457 F.2d at 358. Smith's influence on the decision to fire Ware also contributes to showing a retaliatory motive because Ware had complained to Powell and

Scroggs about Smith. *See Gee*, 289 F.3d at 346. As a result, a genuine issue of material fact exists about whether CLECO retaliated against Ware in violation of Title VII and LA. REV. STAT. § 51:2256. Therefore, the district court erred in granting summary judgment to CLECO on these claims.

**Intentional Infliction of Emotional Distress**

Ware alleged that his termination from CLECO amounted to intentional infliction of emotional distress. Under Louisiana law, a plaintiff alleging intentional infliction of emotional distress must prove that: 1) defendant's conduct was so extreme in degree and character that it went beyond all bounds of decency and was utterly intolerable in a civilized community; 2) that such conduct caused severe emotional distress; and 3) that the defendant intended, by performing the acts complained of, to inflict severe emotional distress upon the plaintiff, or that the defendant knew that such severe distress would be certain or substantially certain to result from the conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). In employment situations, Louisiana courts generally limit this showing to situations of repetitive harassment. *See id.* Suffering must be extreme to meet this standard. *Smith v. Amedisys*, 298 F.3d 434, 449 (La. App. 4 Cir. 2002).

Ware alleged that he suffered depression, sleeplessness, stomach problems and the loss of self-esteem as a result of his

termination from CLECO and the manner in which the termination was conducted. Ware did not seek professional treatment for any of these problems, nor did he take any medication for them. Ware's deposition indicates that a CLECO supervisor met privately with Ware and explained the termination decision, and gave Ware the opportunity to resign in lieu of termination. Ware did not allege any misconduct by the supervisor during this meeting, nor did he allege any history of repetitive harassment by CLECO. Making all reasonable inferences in favor of Ware, his allegations of intentional infliction of emotional distress fail because they cannot be considered actions that go "beyond all bounds of decency" and are "utterly intolerable in a civilized community." *See White*, 585 So.2d at 1205. The district court correctly granted summary judgment in favor of CLECO on this claim.

**Ware's Claim under Louisiana Civil Code Article 2315**

Ware made a further claim that CLECO breached its legally recognized duty to avoid intentionally inflicting emotional distress upon him, thereby committing a tort under LA. CIV. CODE art. 2315. LA. CIV. CODE art. 2315 is a general tort statute which provides a cause of action for plaintiffs alleging the breach of a legally recognizable duty. *Gluck v. Casino Am., Inc.,* 20 F. Supp.2d 991, 995 (W.D. La. 1998). Ware's claim does not meet the Louisiana standard for a cause of action for

intentional infliction of emotional distress.  Therefore his claim under LA. CIV. CODE art. 2315, based on the same allegations, cannot withstand summary judgment.

**Whistleblower Claim**

In his amended complaint, Ware alleged that CLECO violated Louisiana's Whistleblower Statute, LA. REV. STAT. § 23:967. Specifically, Ware claims he made good-faith objections to what he alleges was the practice within CLECO of expunging the debts of black politicians.  LA. REV. STAT. § 23:967 protects employees who disclose or threaten to disclose an act or practice at their place of employment that violates of state law.  *Puig v. Greater New Orleans Expressway Comm'n*, 772 So.2d 842, 845 (La. App. 5 Cir. 2000).  To state a claim under LA. REV. STAT. § 23:967, a plaintiff must allege the violation of state law.  *Id.*  Nowhere in his amended complaint does Ware indicate which state law, if any, was violated by CLECO and therefore he fails to state a claim under La. Rev. Stat. § 23:967.  *See id.*  The district court correctly granted summary judgment in favor of CLECO on this claim.

**Conclusion**

For the reasons discussed herein, this Court AFFIRMS the summary judgment of the district court as to all claims except for the claims under Title VII and LA. REV. STAT. § 51:2256.  This Court REVERSES the summary judgment as to Ware's claims under

Title VII and La. Rev. Stat. § 51:2256, and REMANDS this case for further action consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.