United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30175
Summary Calendar

_____

MICHAEL J. GENELLA, SR.,

Plaintiff - Appellant,

versus

RENAISSANCE MEDIA doing business as,
CHARTER COMMUNICATIONS, LLC;
CHARTER COMMUNICATIONS, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Louisiana
(No. 03-CV-623)

_____

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Genella appeals the lower court's grant of summary judgment, and

because we find that the district court did not err in granting summary judgment, we

affirm.

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Plaintiff was employed by Renaissance Media, LLC d/b/a Charter Communications, LLC ("Charter"), a cable television, internet, and broadband service provider, for approximately fourteen years.[1] Following a contentious run-in with his supervisor, Linda Miller, on March 5, 2002, Genella was fired on April 5, 2002. Charter claims Genella was fired as a result of the altercation, when Genella refused to give Miller access to his notebook which contained company information.

Genella alleges that he was terminated in retaliation for having informed Charter that his former supervisor, Rick Ford, misused company funds by paying for repairs to his automobile with a company credit card. Genella claims that because Miller and Ford were friends, Miller harassed and ultimately fired him. Genella argues that the notebook dispute was a mere pretext.

On February 5, 2003, Genella filed suit against Charter in the Twenty Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, asserting, inter alia, violations of the Louisiana Whistleblower Statute and sexual harassment. On February 28, 2003, the defendant removed the case to the Federal District Court for the Eastern District of Louisiana and filed a motion for summary judgment. The district court

---

[1] While Genella identifies Charter Communications, LLC as a defendant-appellee along with Renaissance Media, LLC d/b/a Charter Communications, LLC, he fails to mention Charter Communications, LLC or any claims against it in his briefs. The evidence is undisputed that Charter Communications, LLC was not the plaintiff's employer. Because Charter Communications, LLC is not a proper party to this action, we construe the case as against Renaissance Media, LLC d/b/a Charter Communications, LLC only.

granted the motion and dismissed the case.  Genella timely appeals.

## II. STANDARD OF REVIEW

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court."  American Home Assur. Co. v. United Space Alliance, LLC, 378 F.3d 482, 486 (5th Cir. 2004), quoting American International Specialty Lines Insur. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir.2003).  Summary judgment is proper if the movant demonstrates that there is no genuine issue of material fact and is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000).

## III. DISCUSSION

A.      Whether Genella's claim under the Louisiana Whistleblower Statute was properly dismissed.

The district court dismissed the appellant's claim under the Louisiana Whistleblower Statute, LA. REV. STAT. § 23:967, because it found that the appellant did not allege that Charter committed a violation of state law.  Rather, the district court reasoned, Genella reported that Charter was a victim of Ford's unlawful actions.

In Ware v. CLECO Power LLC, 90 Fed. Appx. 705 (5th Cir. 2004), this Court explained the requirement to disclose a violation of state law.

> LA. REV. STAT. § 23:967 protects employees who disclose or threaten to disclose an act or practice at their place of employment that violates of [sic] state law.  To state a claim under LA. REV. STAT. § 23:967, a plaintiff must

3

allege the violation of state law. Nowhere in his amended complaint does [the plaintiff] indicate which state law, if any, was violated by [the defendant] and therefore he fails to state a claim under La. Rev. Stat. § 23:967. The district court correctly granted summary judgment in favor of [the defendant] on this claim.

Ware v. CLECO Power LLC, 90 Fed. Appx. 705, 709 (5th Cir., 2004), citing Puig v. Greater New Orleans Expressway Comm'n, 772 So. 2d 842, 845 (La. App. 5 Cir. 2000).

Genella, in his petition for damages filed in Louisiana state court, alleged that "petitioner, as supervisor of company vehicles, reported one of his supervisors for using a company credit card to repair his private vehicle, which use violated company policy as well as state law." Pet. for Damages at 1 (emphasis added). Genella failed to indicate which state law was violated by Charter when Ford used Charter's credit card to repair his private vehicle. Under the standard this Court articulated in Ware, Genella failed to plead properly his claim under the Louisiana Whistleblower Statute. Moreover, we agree with the district court that Genella "does not contend that Charter broke the law, rather that Charter was a victim of its employee's actions." Genella v. Renaissance Media LLC, 2004 U.S. Dist. LEXIS 816, 3-4 (E.D. La., 2004). We therefore affirm the district court's grant of summary judgment in favor of Charter on the Louisiana Whistleblower Statute claim.

B.      Whether Genella's other claims were properly dismissed.

Genella argues that the district court granted Charter's motion for summary judgment without addressing all of his state causes of action. Genella asserts that his state court complaint properly alleged several theories of recovery, because Louisiana follows

4

a fact pleading format, where pleadings are to be liberally construed. Under this system, Genella claims, courts are to look to the substance of the pleading to do substantial justice and may award judgment to which a party is entitled, even if that particular relief has not been demanded. In his opposition to Charter's motion for summary judgment, Genella asserted that he had alleged by inference state tort claims of outrageous conduct, assault and battery, intentional infliction of emotional distress, invasion of privacy, negligent misinformation, and abuse of rights. Genella maintains that the district court should have addressed all of these state causes of action.

Charter asserts that the Federal Rules of Civil Procedure govern the sufficiency of pleadings in this diversity case, and that "a district court has no duty to 'create a claim which appellant has not spelled out in his pleading.'" McNeily v. United States, 6 F.3d 343, 350 (5th Cir. 1993), quoting Case v. State Farm Mutual Automobile Insurance Co., 294 F.2d 676, 677-78 (5th Cir. 1961). While this case originated in state court and was later removed to federal court by Charter, Genella's pleadings must nevertheless conform to federal pleading requirements. See Varney v. R.J. Reynolds Tobacco Co., 118 F. Supp. 2d 63, 67 (D. Mass., 2000) ("Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules."). Genella could have amended his pleadings after removal to assert any additional claims. See, e.g., Armstrong v. Am. Home Shield Corp., 333 F.3d 566, 567 (5th Cir. 2003) (plaintiffs amended their complaint after removal to include additional claims). We hold, therefore, that the district court did not err in failing to infer and consider any theories of recovery latent in Genella's pleadings.

5

C.    Whether the district court had subject matter jurisdiction.

The order granting summary judgment in favor of Charter stated: "The events described by Plaintiff simply don't measure up the to [sic] stuff of lawsuits in the U.S. District Court.  The alleged facts, taken on their face, and the applicable law, taken at its fair reading, don't come together to make an adjudicative issue, poorly treated as the Plaintiff may have been."  Genella at 816.  Genella, in his brief, argues that if the district court was referring to the jurisdictional amount, i.e., that the case was worth less than $75,000, it should have remanded the action to state court.  This argument is wholly without merit.

## IV. CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.

6