772 So.2d 842 (2000)
Eugene John PUIG, Jr.
v.
GREATER NEW ORLEANS EXPRESSWAY COMMISSION.
No. 00-CA-924.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
Rehearing Denied December 1, 2000.
*843 James L. Arruebarrena, Metairie, Attorney for Plaintiff/Appellant, Eugene John Puig, Jr.
Lawrence R. Demarcay, III, New Orleans, William H. Reinhardt, Jr., Metairie, Attorneys for Defendant/Appellee, Greater New Orleans Expressway Commission.
Panel composed of EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY, JJ., and H. CHARLES GAUDIN, J. Pro Tem.
CHEHARDY, Judge.
On July 14, 1999, plaintiff/appellant, Eugene John Puig, Jr., filed this lawsuit against his former employer, defendant/appellee, Greater New Orleans Expressway Commission (the Causeway Commission), for retaliatory discharge. In his petition, Puig alleges that while employed by the Causeway Commission as a police officer, he issued a traffic citation for speeding to Timothy Goux, the son of the Chairman of the Causeway Commission, Ronald Goux. Thereafter, Puig alleges, he was retaliated against by his superiors, and eventually fired. Puig asserts a cause of action and a right of action to sue the Causeway Commission pursuant to La. R.S. 23:967.
On September 1, 1999, the Causeway Commission filed exceptions of prematurity, no right of action and no cause of action. In its exceptions, the Causeway Commission asserts that Puig has no right of action pursuant to La. R.S. 23:967 because he was a public employee, and his only remedy is under La. R.S. 42:1101, et seq. Specifically, the Causeway Commission alleges that R.S. 23:967 and R.S. 42:1169 are mutually exclusive, and that claims by private employees can be made under 23:967, but that claims by public employees can only be made under 42:1169. The Causeway Commission further argues that Puig's suit is premature because he did not first follow the administrative remedy provided in R.S. 42:1101, et seq.
The hearing on the Causeway Commission's exceptions was held on October 22, 1999. After taking the matter under advisement, on October 29, 1999, the trial court granted the exceptions of no right of action and prematurity, and dismissed this lawsuit at plaintiff's costs. In its reasons for judgment, the trial court found that Puig's only remedy for retaliatory discharge, as a public employee, was under La. R.S. 42:1101, et seq. The trial court further found that because Puig did not follow the administrative procedure set forth in R.S. 42:1169(C)(1), this lawsuit was premature.
On appeal, Puig argues that the trial court erred by finding that public employees have no right of action against their employers under the provisions of La. R.S. 23:967. Upon review of the two statutes, we find that public employees have a right of action under La. R.S. 23:967. We do not find R.S. 23:967 and R.S. 42:1169 to be mutually exclusive.
La. R.S. 23:967 is found in the Labor and Workers' Compensation section of the revised statutes. It provides:
§ 967. Employee protection from reprisal; prohibited practices; remedies
A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an *844 investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs.
C. For the purposes of this Section, the following terms shall have the definitions ascribed below:
(1) "Reprisal" includes firing, layoff, loss of benefits, or any discriminatory action the court finds was taken as a result of an action by the employee that is protected under Subsection A of this Section; however, nothing in this Section shall prohibit an employer from enforcing an established employment policy, procedure, or practice or exempt an employee from compliance with such.
(2) "Damages" include compensatory damages, back pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal.
D. If suit or complaint is brought in bad faith or if it should be determined by a court that the employer's act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.
La. R.S. 42:1169 is found in the Code of Governmental Ethics section of the revised statutes. It provides:
§ 1169. Freedom from reprisal for disclosure of improper acts
A. Any public employee who reports to his agency head or the board information which he reasonably believes is a violation of any provision of law within the jurisdiction of the board or of any order, rule, or regulation issued hereunder or any other alleged acts of impropriety within any governmental entity shall be free from discipline or reprisal for reporting said acts of alleged impropriety. No employee with authority to hire and fire, supervisor, agency head, or other elected official shall subject to reprisal any public employee because of said employee's efforts to disclose such acts of alleged impropriety.
B. Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes is a violation of any law or of any order, rule, or regulation issued in accordance with law or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline or reprisal for reporting said acts of alleged impropriety. No employee with authority to hire and fire, supervisor, agency head, or other elected official shall subject to reprisal any such public employee because of said employee's efforts to disclose such acts of alleged impropriety.
C. (1) In the event that any public employee is suspended, demoted, or dismissed in violation of this Section as an act of reprisal for reporting an alleged act of impropriety, such employee shall report such action to the board.
(2) An employee who is wrongfully suspended, demoted, or dismissed shall be entitled to reinstatement of his employment and entitled to receive any lost income and benefits for the period of any suspension, demotion, or dismissal.
D. Any person who violates this Section shall be subject to the same fines and penalties provided for other violations of this Chapter.
A review of the two statutes in question reveals that while they are both "whistleblower" statutes, La. R.S. 42:1169 pertains to violations, or alleged violations, of the *845 Code of Governmental Ethics. In order for R.S. 42:1169 to apply, a public employee must first report what he reasonably believes to be "a violation of any provision of law within the jurisdiction of the board [of ethics] or of any order, rule, or regulation issued hereunder or any other alleged acts of impropriety ..." R.S. 42:1169(A) (emphasis added).
R.S. 23:967 is clearly distinct, and targeted at more serious conduct, in that it specifies that the employer must have committed a "violation of state law" for an employee to be protected from reprisal. R.S. 42:1169 does not require a violation of state law, merely an "alleged act of impropriety" under the Code of Governmental Ethics for the public employee to be protected from discipline or reprisal.
Further, the clear and broad language of R.S. 23:967 shows no indication, either expressed or implied, that public employees must be excluded. R.S. 23:967 only requires that "an employer" not take reprisals against "an employee" for reporting, or refusing to participate in, a violation of state law. It does not specify or imply that private, non-governmental employees are only eligible to avail themselves of its provisions, and that public employees are excluded.
Because the two statutes in question are distinct in their triggering mechanisms (conduct which may violate governmental ethics versus conduct which does violate state law), and because nothing in the clear language of R.S. 23:967 shows an intent to exclude them, we find that public employees have a right of action for retaliatory discharge under La. R.S. 23:967. We likewise find that Puig's suit, properly filed pursuant to La. R.S. 23:967, is not premature. The trial court therefore erred in granting the Causeway Commission's exceptions of no right of action and prematurity.
Accordingly, for the forgoing reasons, the trial court's October 29, 1999 judgment is hereby reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.