871 So.2d 688 (2004)
Tim FONDREN
v.
GREATER NEW ORLEANS EXPRESSWAY COMMISSION.
No. 03-CA-1383.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 2004.
Rehearing Denied May 21, 2004.
*689 Stephen M. Irving, Baton Rouge, LA, for Plaintiff/Appellant.
Thomas P. Anzelmo Sr., Donald J. Palmisano, Jr., McCranie, Sistrunk, Anzelmo, Hardy, Maxwell & McDaniel, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
Plaintiff, Tim Fondren, appeals the summary judgment dismissing his retaliatory discharge suit against defendant, Greater New Orleans Expressway Commission. Fondren argues that the district court erroneously concluded that the suit failed to meet the threshold requirement for a retaliatory discharge action under Louisiana's Whistleblower's Statute, La. R.S. 23:967. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Tim Fondren, plaintiff-appellant, filed a suit for retaliatory discharge against his former employer, Greater New Orleans Expressway Commission (the Causeway Commission), defendant-appellee. In his complaint Fondren alleged that, while employed as the Causeway Commission Chief of Police, he was plagued by requests from Causeway Commissioners to alter police reports and fix traffic tickets issued by Causeway Commission police officers. He further alleged that, while serving as Chief of Police, he learned that one of the Causeway Commissioners attempted to cover up incidents involving that commissioner driving across the Lake Ponchartrain Causeway intoxicated. The complaint stated that Fondren kept his immediate superior, Mr. Hunter Wagner, fully informed of these matters and that the Louisiana Attorney General ultimately initiated an investigation of various matters at the Causeway Commission, including these. Fondren met with investigators from the Attorney General's Office on three occasions, with the approximate date of the last meeting alleged as June 6, 2000. According to the complaint, members of the Causeway Commission learned that Fondren had met with the investigators and that Fondren intended to cooperate in the investigation. Fondren alleged *690 in his suit that, on July 12, 2000, he was informed that the Causeway Commission had voted in executive session the previous evening to terminate his employment as the Chief of Police, unless he resigned immediately. Fondren claimed that he resigned as Chief of Police solely in response to that threat. He contended in his complaint that the demand for his resignation constituted a reprisal under the Louisiana Whistleblower Statute, La. R.S. 23:967, thereby entitling him to an award against the Causeway Commission for compensatory damages, back pay, benefits, reinstatement as Chief of Police, attorney fees and court costs.
The Causeway Commission answered the complaint and denied Fondren's allegations of retaliatory discharge. Thereafter, the commission moved for partial summary judgment dismissing the suit. In its motion, the Causeway Commission claimed that Fondren failed to meet the requirements for an action under the Louisiana Whistleblower Statute because he did not advise the Commission, as his employer, of any violations of law being committed by Commission members, nor did he provide the Louisiana Attorney General's investigators or any other investigatory body with information about any such violations of law. As support for its motion, the Causeway Commission offered the deposition of Mr. Hunter Wagner, the former General Manager of the Causeway Commission and Fondren's supervisor, and the affidavit of an investigator from the Louisiana Attorney General's Office who interviewed Fondren on three occasions in connection with the Attorney General's investigation of the Causeway Commission. Subsequently, the commission also filed in support of its motion the affidavit of a consultant hired to review the policies, procedures and training of the Causeway Commission Police Department. According to that affidavit, the consultant interviewed Fondren on March 24, 2000 and May 3, 2000.
Fondren filed two affidavits in opposition to the motion for partial summary judgment. The first stated that he informed investigators from the Attorney General's Office and Hunter Wagner of these alleged violations of law. Further, he stated that Mr. Wagner told him to inform the Commission's attorney, William Hall, of the status of the Attorney General's interviews with him. The second affidavit stated that plaintiff told Causeway Commissioner Ronnie Blanke, William Hall and the Attorney General's investigators of the alleged violations of law.
The district court heard the motion on June 27, 2003. At the hearing, the Causeway Commission objected to the latter of Fondren's affidavits as untimely because it did not receive the affidavit until days before the hearing. The trial court did not rule on that objection and took the matter under advisement. On July 9, 2003, the court issued Judgment and Reasons granting partial summary judgment in favor of the Causeway Commission. Thereafter, on September 4, 2003, the district court issued a Final Judgment dismissing Fondren's suit, and this appeal followed.

DISCUSSION
Appellate review of the granting of a motion for summary judgment is de novo. Perdue v. Sudderth, 02-357 (La. App. 5 Cir. 10/29/02), 831 So.2d 1050, writ denied, 02-2821 (La.2/21/03), 837 So.2d 628. A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B). The *691 summary judgment procedure is designed to secure the "just, speedy, and inexpensive determination of every action." La. Code Civ. P. art. 966(A)(2); Gootee Const., Inc. v. Amwest Sur. Ins. Co., 03-0144 (La.10/10/03), 856 So.2d 1203, citing, Racine v. Moon's Towing, 01-2837 (La.5/14/02), 817 So.2d 21.
Fondren's suit claims that the demand for his resignation as the Causeway Commission Chief of Police constituted a reprisal under the Louisiana Whistleblower Statute, La. R.S. 23:967, which provides in pertinent part:
A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section. If the court finds the provisions of Subsection A of this Section have been violated, the plaintiff may recover from the employer damages, reasonable attorney fees, and court costs.
The Louisiana Whistleblower Statute targets serious employer conduct that violates the law. Puig v. Greater New Orleans Expressway Commission, 00-924 (La.App. 5 Cir. 10/31/00), 772 So.2d 842, 845, writ denied, 00-3531 (La.3/9/01), 786 So.2d 731. A civil action is available as a remedy when an employer retaliates against an employee for making disclosures protected under the statute. La. R.S. 23:987(B). As a condition precedent to protection under the statute, the employee must first advise the employer of the violation of law before making the disclosure. La. R.S. 23:987(A).
The district court granted summary judgment in this case after concluding that Fondren failed to advise his employer of any violation of law, as required by La. R.S. 23:987(A). Based on the deposition of Mr. Hunter Wagner, the court found that Fondren's employer was the Causeway Commission, not Mr. Wagner. The court reasoned that any information Fondren provided to Wagner about violations of law did not meet the statutory requirement of advising the employer of the violations.
On appeal, Fondren contends that the district court improperly granted summary judgment because the court premised its conclusions on an inaccurate statement of his position in opposition to the motion for summary judgment. The district court's July 9, 2003 reasons for judgment state Fondren's position as arguing that his employer was Hunter Wagner rather than the Causeway Commission. Fondren challenges that statement of his position, and the record supports him. The complaint filed by Fondren alleged that the Causeway Commission was his employer. The memorandum filed by Fondren in opposition to the summary judgment motion identified the Causeway Commission as Fondren's employer, and an affidavit executed by Fondren and attached to his opposition memorandum stated that Fondren was hired to serve as an employee of the Causeway Commission. At the June 27, 2003 hearing on the motion for partial summary judgment, Fondren's counsel argued that the information about the violations of law Fondren claimed he provided *692 to Hunter Wagner, as his supervisor, could be imputed to the Causeway Commission because Wagner was the Commission's General Manager. Additionally, Fondren's second affidavit states that he told a member of the Commission about these alleged violations. Thus, according to Fondren, the employer notice requirement of La. R.S. 23:967(A) was satisfied in this case.
Our review of the pleadings evidences that the foundation for the summary judgment in this case is that Fondren's suit alleges that Hunter Wagner was his employer rather than the Causeway Commission, when in fact the allegations of the suit are the exact opposite. That foundation is not supported by the record, and thus the summary judgment must be set aside. We note, however, that the district court granted summary judgment based on its conclusion that Fondren failed to meet the preliminary requirement of employer notice under La. R.S. 23:967. We find that the Commission failed to meet its burden of proof that as a matter of fact Fondren's employer was not notified.
Further, based on its determination herein, the district court did not address the claim asserted by the Causeway Commission on its motion for partial summary judgment that Fondren failed to disclose any violations of law to the Louisiana Attorney General's Office in connection with its investigation. As that claim was not resolved in the district court, it is not before us on this appeal.

DECREE
The summary judgment in favor of the defendant, Greater New Orleans Expressway Commission, and dismissing the complaint of plaintiff, Tim Fondren, is reversed; and the case is remanded to the district court for further proceedings. Appellee shall bear all costs of this appeal.
REVERSED AND REMANDED.