943 So.2d 381 (2006)
Salena ACCARDO
v.
LOUISIANA HEALTH SERVICES & INDEMNITY COMPANY.
No. 2005 CW 2377.
Court of Appeal of Louisiana, First Circuit.
June 21, 2006.
*382 Earl A. Marcelle, III, Baton Rouge, for Plaintiff-Respondent Salena Accardo.
M. Lenore Feeney, Edwin W. Fleshman, Baton Rouge, for Defendant-Applicant Louisiana Health Service & Indemnity Company.
Before: WHIPPLE, McCLENDON, and WELCH, JJ.
PER CURIAM.
Louisiana Health Service & Indemnity Company[1] seeks review of the trial court's judgment denying its motion for summary judgment on Salena Accardo's claim of retaliation under La. R.S. 23:967 (Louisiana Whistleblower Statute).
Plaintiff, Salena Accardo, filed suit on December 6, 2002, against Louisiana Health Service & Indemnity Company ("Blue Cross") seeking damages arising from her employment and involuntary discharge from Blue Cross. Ms. Accardo sought damages under several theories of recovery including race, national origin and disability-based discrimination in violation of Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, et seq., intentional infliction of emotional distress and a retaliation claim under the Louisiana Whistleblower Statute, La. R.S. 23:967.
*383 Blue Cross filed for summary judgment seeking dismissal of all of Ms. Accardo's claims. The trial court granted the motion on all claims except for the retaliation claim under the Louisiana Whistleblower Statute, La. R.S. 23:967. In open court, the trial court stated that it denied summary judgment on the Louisiana Whistleblower claim because,
She in good faith believed that there was a Title VII violation of the law. . . . She reported that. The facts are sufficient enough for to you (sic) survive summary judgment on this as to whether or not there were reprisals from it. . . .
The issue presented by this writ is whether the trial court correctly interpreted La. R.S. 23:967 as providing protection to a plaintiff who reports what she believes in good faith is a violation of law. Louisiana Revised Statute 23:967 provides the following, in pertinent part:
Employee protection from reprisal; prohibited practices; remedies
A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
* * * *
D. If suit or complaint is brought in bad faith or if it should be determined by a court that the employer's act or practice was not in violation of the law, the employer may be entitled to reasonable attorney fees and court costs from the employee.
The Whistleblower Statute provides protection to employees against reprisal from employers for reporting or refusing to participate in illegal work practices. Hale v. Touro Infirmary, XXXX-XXXX (La.App. 4th Cir.11/3/04), 886 So.2d 1210, 1214, writ denied, XXXX-XXXX (La.3/24/05), 896 So.2d 1036. Blue Cross argues that it is clear from the wording of the statute that Ms. Accardo must establish a violation of state law in order to prevail on the merits of the case. The trial court, however, interpreted the "good faith" language in the statute to mean that Ms. Accardo only has to establish that she had a good faith or reasonable belief that Blue Cross violated the LEDL in order to be afforded protection under the Louisiana Whistleblower Statute.
The Louisiana Supreme Court has not addressed whether a plaintiff must prove an actual violation of state law to establish a Louisiana Whistleblower claim. Likewise, this court has not directly addressed this issue, although, in dictum, this court has stated that the statute prohibits an employer from taking reprisals "against an employee for reporting, or refusing to participate in, a violation of state law." Goldsby v. State, Dept. of Corrections, XXXX-XXXX (La.App. 1st Cir.11/7/03), 861 So.2d 236, 238, writs denied, XXXX-XXXX, XXXX-XXXX (La.4/8/04), 870 So.2d 271 (emphasis added). Thus, this issue is before this court, res nova.
The Louisiana Fourth and Fifth Circuit Courts of Appeal have addressed this issue and determined that a whistleblower plaintiff under La. R.S. 23:967 must prove an actual violation of state law. In Puig v. Greater New Orleans Expressway Comm'n, 2000-924 (La.App. 5th Cir.10/31/00), 772 So.2d 842, writ denied, *384 XXXX-XXXX (La.3/9/01), 786 So.2d 731, the Fifth Circuit compared two different Louisiana whistleblower statutes and concluded "R.S. 23:967 is clearly distinct [from the other whistleblower statute, La. R.S. 42:1169], in that it specifies that the employer must have committed a `violation of state law' for an employee to be protected from reprisal," while La. R.S. 42:1169 does not require a violation of state law, "merely an `alleged act of impropriety' under the Code of Government Ethics for the public employee to be protected from discipline or reprisal." Puig, 772 So.2d at 845. While the Fifth Circuit did not provide a detailed analysis for its ruling, it did note that the triggering mechanism for La. R.S. 23:967 is "conduct which does violate state law." Id. at 845 (emphasis added).
In a subsequent Fifth Circuit Louisiana Whistleblower case, that court cited Puig stating, "The Louisiana Whistleblower Statute targets serious employer conduct that violates the law." Fondren v. Greater New Orleans Expressway Comm'n, XXXX-XXXX (La.App. 5th Cir.4/27/04), 871 So.2d 688, 691.
Like the Fifth Circuit, the Fourth Circuit found that "the language of the statute leads us to the conclusion that a violation of law must be established by a plaintiff under the Whistleblower Statute in order to prevail on the merits of the case." Hale, 886 So.2d at 1215. The Hale court went further to hold, "We further agree that the violation of law in question must be that of a state statute." Id. at 1216 (emphasis added). In arriving at its decision, the Fourth Circuit analyzed the text of the statute and concluded that the "very specific language referring to a `violation of law' . . . in several places throughout the statute," the use of the disjunctive "or" instead of the conjunctive "and" in the damages clause, and the disclosure requirement that specifically references a disclosure or threatened disclosure of a violation of state law manifest a desire by the Louisiana legislature to only provide a remedy for actual violation of state law. Id. at 1215, 1216.
As stated above, in the instant matter, the trial court denied summary judgment on Ms. Accardo's retaliation claim because of its interpretation of the term "who in good faith" in Section A of the statute. To accept the trial court's interpretation requires a finding by this court that the legislative intent of the statute was to provide protection to an employee who possesses a good faith or reasonable belief that the employer violated a law. A different interpretation would be that the "good faith" provision of Section A imposes a general duty on an employee to act in good faith as a separate element of the retaliation claim that is different from the requirement that the employee prove an actual employer violation of state law.
In deciding the issue at bar, we turn to the principles of statutory construction, beginning with the premise that legislation is the solemn expression of legislative will and, therefore, the interpretation of a law involves, primarily, the search for the legislative intent. La. C.C. arts. 1, 2. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of legislative intent. La. C.C. art. 9; La. R.S. 1:4, Ascension School Employees Credit Union v. Provost, Salter, Harper & Alford, L.L.C., XXXX-XXXX (La.App. 1st Cir.6/10/05), 916 So.2d 252, 258. The words of a law must be given their generally prevailing meaning. La. C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. It is a well-recognized *385 and long-established rule of statutory construction that statutory provisions should be construed along with the remainder of the statute. Pepper v. Triplet, XXXX-XXXX (La.1/21/04), 864 So.2d 181. Courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided. Id. at 194. Rendering the whole, or a part, of a law meaningless is the last option available to a court when it interprets a law. Ascension School Employees Credit Union, 916 So.2d at 258.
The Louisiana Whistleblower Statute is divided into four sections, the first of which is at issue in the instant writ. In the first section of the statute, it is unclear if the term "good faith" is a separate prerequisite element of the retaliation claim or if it applies to the protected employee actions that are subsequently described in this first section. To answer this, we must first examine the term "good faith" in the context in which it occurs, along with the other provisions of the statute. La. C.C. art. 12.
"Good faith" appears in the statute's Section A that sets forth the essential elements of the retaliation claim. The first part of Section A describes the prerequisite conditions that must occur before an employee takes one of three actions and reads, "An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law." La. R.S. 23:967(A). The remaining part of Section A sets forth three different employee actions that are protected under the statute (referred to as the "disclosure activities"). We note that each of the Louisiana Whistleblower Statute's three specific disclosure activities refers to the "violation of law" in very specific terms and does not include any reference to the employee's good faith or reasonable belief that the workplace act or practice is a violation of law.
Had the legislature intended that an employee's disclosure activity be protected under this statute if the employee has a good faith belief that the employer's conduct violated law, it follows that the legislature could have included such a broad protection provision for "good faith" in a definition, or could have referenced the employee's good faith or reasonable belief in the three disclosure activities in Section A. We find that the specific reference to "violation of law" in several places in section 23:967(A), the specific inclusion of violation of a state law in the disclosure activities, and the lack of any language in the statute referencing the employee possessing a good faith or reasonable belief that an employer violation of law occurred, supports a conclusion that the term "good faith" is a separate prerequisite condition that, along with the prerequisite condition of advising the employer of the actual violation of state law, must be fulfilled before the employee undertakes one of the three protected disclosure activities.
Moreover, we agree with our colleagues in the Fourth Circuit that the employee penalty section of La. R.S. 23:967 also supports the conclusion that the complained of employer conduct must be an actual violation of law. La. R.S. 23:967(D) grants the court discretion to award an employer "reasonable attorney fees and court costs" under two alternative conditions. The first condition that could trigger the imposition of penalties on the employee is "If the suit or complaint is brought in bad faith." The second and alternative condition that potentially triggers employee penalties starts with the disjunctive "or" and reads, "or if it should be determined by a court that the employer's act or practice was not in violation of the law." La. R.S. 23:967(D)(emphasis *386 added); see also La. R.S. 1:9.[2] Therefore, a court could impose penalties on an employee acting in good faith who fails to show a violation of law. If the Legislature intended for the statute to protect an employee who possesses a good faith or reasonable belief that the employer's conduct was a violation of law, it would not follow that the legislature would impose the possibility of the penalty set out after the "or" in Section D. Moreover, to interpret Section A as affording protection to one who had the "good faith belief that the employer's conduct violated law" would render the last provision in Section D meaningless.
Therefore, our analysis of the language of the statute leads us to the conclusion that a violation of state law must be established by the plaintiff under the Whistleblower Statute in order to prevail on the merits of the case. Our interpretation is further supported by a review of the legislative history of the provisions in section A of the statute. The original bill introduced in the Louisiana Senate provided broader protection to employees such as the protection afforded under the trial court's interpretation of the statute, since the original bill only required an employee to disclose or threaten to disclose an employer action "that the employee reasonably believes" is a violation of law.[3] However, the Senate Committee reviewing the bill amended it and eliminated the "reasonable belief" language in Section A(1) in the engrossed version of the bill requiring an employee to disclose or threaten to disclose "a violation of law."[4] Furthermore, our conclusion that the statute requires an actual violation of state law is also supported by the legislative history showing the House of Representatives' amendments to the bill. The House adopted several amendments, including the requirement that the employer be advised of the "violation of law" in Section A, that the violation be one of "state" law in Section A(1), that "potential" be deleted in regard to a "violation of law" in Section A(2) and that the employee's reasonable belief be deleted in Section A(3). All these amendments and the House's amendment adding Section D to the law were included in the enrolled version that was signed into law.[5]
Therefore, we note that the inclusion of the requirement of good faith in La. R.S. 23:967 creates an appearance of ambiguity as to whether an actual violation of law must be established. However, based on the legislative history of the statute, which deleted the phrase "reasonably believes is in violation of law" and substituted the phrase "that is in violation of state law", it is appears that the legislature intended the *387 requirement of a violation of state law. Although we have grave concerns regarding the chilling effect that this requirement will have on the reporting by an employee of illegal acts, we are compelled to conclude that the Louisiana Whistleblower Statute, La. R.S. 23:967, requires an employee to prove an actual violation of state law in order to prevail on the merits of the case.
For the foregoing reasons, we find that the trial court erred in denying the defendant's motion for summary judgment on the plaintiff's claim of retaliation under the Louisiana Whistleblower Statute, La. R.S. 23:967. Defendant, Louisiana Health Service & Indemnity Company, met its burden and showed an absence of genuine issues of material facts. The plaintiff, Salena Accardo, has failed to produce evidence that she will be able to meet her burden of proof at a trial on the merits, i.e., that her employer's workplace act or practice actually violated a state law. Therefore, defendant's writ is granted, the judgment of the trial court is reversed, and defendant's, Louisiana Health Service & Indemnity Company, motion for summary judgment against the plaintiff, Salena Accardo, is granted, dismissing her claim under La. R.S. 23:967 with prejudice.
WRIT GRANTED.
NOTES
[1] The petition refers to Louisiana Health Services & Indemnity Company; however, the defendant indicates that its correct name is singular rather than plural.
[2] Louisiana Revised Statutes 1:9 provides, "Unless it is otherwise clearly indicated by the context, whenever the term `or' is used in the Revised Statutes, it is used in the disjunctive and does not mean `and/or'."
[3] The original Senate Bill No. 1098 introduced by Senator Robichaux read:

A. An employer shall not act in a retaliatory manner or take reprisal against an employee who in good faith:
(1) Discloses or threatens to disclose an activity, policy or practice that the employee reasonably believes is in violation of law. S.B. No. 1098, Reg. Sess. (La.1997)(original) (emphasis added).
[4] The Amendment proposed by the Senate read:

1. Prohibits retaliatory actions by an employer against an employee who in good faith discloses or threatens to disclose an activity, policy, or practice that is in violation of law. Summary of Amendments Adopted by Senate, S.B. No. 1098, Reg. Sess. (La.1997) (engrossed) (emphasis added).
[5] See Amendments No. 3, No. 5, No. 6, No. 8 and No. 13, S.B. No. 1098, Reg. Sess. (La. 1997)(H.R. amendments to reengrossed bill).