970 So.2d 1089 (2007)
Mark N. MATTHEWS
v.
The MILITARY DEPARTMENT for the STATE of Louisiana.
No. 2007 CW 1337.
Court of Appeal of Louisiana, First Circuit.
September 24, 2007.
Rehearing Denied October 31, 2007.
Scott G. Vincent, Assistant Attorney General, for Appellant/Defendant, Military Department for the State of Louisiana.
J. Arthur Smith, III, Baton Rouge, for Appellee/Plaintiff, Mark N. Matthews.
Before GAIDRY, McDONALD and McCLENDON, JJ.
PER CURIAM.
WRIT GRANTED IN PART; WRIT DENIED IN PART. The trial court's judgment dated June 13, 2007, denying the Exception of Lack of Subject Matter Jurisdiction and No Cause or Right of Action, or in the Alternative, Motion for Summary Judgment filed on behalf of the Military Department for the State of Louisiana is reversed to the extent that the trial court denied the exception/motion relative to the claim asserted under the Family Medical Leave Act and the whistleblowing claim concerning the *1090 State's acquisition of the Gillis Long Hansen Disease Center. Plaintiff cannot proceed with his action under the self-care provision pursuant to 29 U.S.C. § 2612(a)(1)(D) of the Family Medical Leave Act insofar as Congress in adopting subsection (a)(1)(D) of the Act did not validly abrogate Louisiana's Eleventh Amendment sovereign immunity. See Brockman v. Wyoming Dept. of Family Servs., 342 F.3d 1159 (10th Cir.2003), cert. denied, 540 U.S. 1219, 124 S.Ct. 1509, 158 L.Ed.2d 155 (2004). We also find that plaintiff is afforded no protection under La. R.S. 23:967 or 30:2027 for his reports relative to the State's potential liability for acquisition of the Gillis Long Hansen Disease Center insofar as the reports were required as part of his normal duties. See Sasse v. U.S. Dept. of Labor, 409 F.3d 773 (6th Cir.2005). Also, plaintiff's allegations relative to the Gillis Long Hansen Disease Center indicate that plaintiff was merely expressing his concerns about the State's potential liability in acquiring same, which concerns do not amount to whistleblowing. Moreover, plaintiff does not allege that he attempted to disclose or threatened to disclose State activity relative to the acquisition of the Gillis Long Hansen Disease Center that he reasonably believed to be in violation of an environmental law, rule, or regulation. See La. R.S. 30:2027(A)(1). Accordingly, we grant the exception of no cause of action filed by the Military Department for the State of Louisiana and dismiss plaintiffs claims asserted under the Family Medical Leave Act and the whistleblowing claim in regard to the State's acquisition of the Gillis Long Hansen Disease Center. The writ is denied insofar as it seeks dismissal of plaintiffs whistleblower claims relative to the State's mishandling of hurricane funds.