# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-30790
Summary Calendar

CLAYTON DIAZ,

Plaintiff-Appellant

v.

SUPERIOR ENERGY SERVICES LLC,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-2805

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Clayton Diaz appeals the magistrate judge's grant of summary judgment in favor of Superior Energy Services, L.L.C., (Superior) on his claims alleging retaliation and wrongful discharge by Superior, his former employer. Diaz has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification, pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1997), that his appeal was not taken in good faith. He also has filed a motion seeking the appointment of counsel.

Diaz challenges the magistrate judge's denial of his motion to withdraw his consent to proceed before a magistrate judge, arguing that the district court should have ruled on his motion, citing in support FED. R. CIV. P. 73(b) and 28 U.S.C. § 455(a). Once valid consent to proceed before a magistrate judge is given pursuant to 28 U.S.C. § 636(c), a party has no absolute right to withdraw that consent and demand his right to an Article III judge. *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). Diaz has not presented a nonfrivolous issue for appeal with respect to his challenge to the magistrate judge's denial of his motion to withdraw his consent to proceed before the magistrate judge. *See id.* at 1020-22. Adverse judicial rulings alone do not support an allegation of bias for purposes of § 455, nor do critical or disapproving remarks generally support a bias or partiality challenge. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Diaz argues that the magistrate judge lacked the authority to rule on summary judgment, suggesting that the magistrate judge was authorized only to submit a report and recommendation to the district court. Diaz consented in writing to have a magistrate judge "conduct any and all further proceedings in the case, including but not limited to, the trial of the case and entry of final judgment." The district court's order of referral specifically provided that the magistrate judge had the authority to enter final judgment. Diaz has not presented a nonfrivolous issue with respect to his argument that the magistrate judge exceeded his authority in entering a final judgment. *See* § 636(c); FED. R. CIV. P. 73(b).

Diaz contends that the magistrate judge abused his discretion in denying his motion for the appointment of counsel. Diaz has not presented a nonfrivolous issue with respect to the magistrate judge's denial of his motion for

the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Diaz's challenge on appeal to the magistrate judge's denial of his motion to compel and motion to extend time to complete discovery consists solely of his assertion that he was denied due process because Superior was evasive during discovery. Arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Diaz has not presented a nonfrivolous issue with respect to the magistrate judge's denial of his motion to compel and motion to extend time for discovery.

Diaz raises a series of arguments challenging the magistrate judge's grant of summary judgment for Superior on his claim arising under the Louisiana Whistleblower Statute, LA. REV. STAT. ANN. § 23:967. This court's review of the grant of summary judgment is de novo. *See Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little*, 37 F.3d at 1075.

As the magistrate judge observed, under LA. REV. STAT. ANN. § 23:967, Diaz had to demonstrate that

> (1) [Superior] violated the law through a prohibited workplace act or practice; (2) []he advised [Superior] of the violation; (3) []he then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) []he was fired as a result of [his] refusal to participate in the unlawful practice or threat to disclose the practice.

*Hale v. Touro Infirmary*, 886 So. 2d 1210, 1216 (La. Ct. App. 2004). A violation of state law is an element of the claim. *See Accardo v. Louisiana Health Servs. & Indem. Co.*, 943 So. 2d 381, 386-87 (La. Ct. App. 2006). Diaz alleged in speculative and conclusional terms only that Superior violated state law. *See Little*, 37 F.3d at 1075. Further, Diaz did not identify specific facts demonstrating a genuine issue for trial as to the remaining elements of his whistleblower claim. Diaz has not raised a nonfrivolous issue with respect to his challenge to the magistrate judge's grant of summary judgment on his Louisiana whistleblower claim.

Nor has Diaz raised any nonfrivolous issues for appeal with respect to his argument of breach of an employment contract. The summary judgment evidence reflects that Diaz was an at-will employee who could be terminated at any time. *See Brown v. Catalyst Recovery of La., Inc.*, 813 So. 2d 1156, 1166 (La. Ct. App. 2002). Although Diaz suggests that he had a cause of action against Gary Thibodaux for intentional interference with contractual relations, Thibodaux was not a party to the suit.

Diaz has abandoned, by failing to challenge, the magistrate judge's determination that his state law claims arising before March 22, 2006, were time barred. *See Yohey*, 985 F.2d at 225. He further has abandoned any challenges to the district court's grant of summary judgment for Superior on any claims Diaz raised based on violations of federal law. *See id.*

Diaz has not demonstrated that he will raise a nonfrivolous issue on appeal. Accordingly, Diaz's IFP motion is DENIED and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Diaz's motion for the appointment of counsel is DENIED.

IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.