CRAIN, J.
12Brenda F. Causey appeals a judgment sustaining a peremptory exception of no cause of action urged by her former employer, Winn-Dixie Logistics, Inc., and dismissing her suit brought under the Louisiana Whistleblower Statute. We affirm.
FACTS AND PROCEDURAL HISTORY
Causey filed this suit alleging that she was terminated from her employment with Winn-Dixie in violation of Louisiana Revised Statute 23:967, commonly known as Louisiana’s Whistleblower Statute. Cau-sey asserted that on June 18, 2013, she suffered pain and muscle soreness after operating a riding floor-sweeper, which “was riding very roughly” and “had been bouncing her around.” She claims to have completed two inspection sheets detailing the unsafe condition of the sweeper, which she left on the seat of the sweeper and on the gate of the mechanic’s area inside, the warehouse, in accordance with longstanding practice. Thereafter, she contacted Winn-Dixie’s corporate headquarters to inform theip of her injury and the sweeper’s unsafe condition. She claims to have been told by Winn-Dixie’s management that the sweeper’s performance problem was due to a tire deformity. She stated that she was first told that the tire would not be repaired, but after she complained of this to corporate headquarters, she was told that the wheel would be replaced.
Causey asserted that she continued to perform her job duties to the best of her ability, but was terminated on July 10, 2013. The reason given for her termination was her failure to place a completed inspection sheet for the defective sweeper in the designated drop-box in compliance with company procedure. However, Cau-sey claims that her termination was- actually reprisal for her reporting Winn-Dixie’s violation of Louisiana Revised Statute 23:13, which [^requires every employer to furnish employment that is reasonably safe for its employees, and to do everything reasonably necessary to protect the life, health, safety and welfare of its employees. Thus, Causey sought damages and attorney fees under Louisiana’s Whistleblower Statute.
Winn-Dixie filed a peremptory exception of no cause of action asserting that Causey did not engage in protected activi *187 ty under Louisiana’s Whistleblower Statute and could not otherwise establish a prima fade case for damages thereunder. After considering the facts alleged and the arguments presented, the trial court sustained the exception and dismissed Cau-sey’s suit.
DISCUSSION
The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency-of a pleading by determining whether the law affords a remedy on the facts alleged. Naquin v. Bollinger Shipyards, Inc., 13-1638 (La.App. 1 Cir. 5/2/14), 147 So.3d 207, 209, writ denied, 14-1091 (La.9/12/14), 148 So.3d 933. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts must be accepted as true. Id. Because the exception of no cause of action raises a question of law, and the district court’s decision is based solely on the sufficiency of the petition, review of the district court’s ruling on an exception of no cause of action is de novo. Id.
The Whistleblower Statute, Louisiana Revised Statute 23:967, pertinently provides:
A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
14(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law. .
(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.
The Whistleblower Statute protects employees against reprisal from employers for reporting or refusing to participate in illegal work- practices. Hale v. Touro Infirmary, 04-0003 (La.App. 4 Cir. 11/3/04), 886 So.2d 1210, 1214, writ denied; 05-0103 (La.3/24/05), 896 So.2d 1036. The statute targets serious employer conduct that violates the law. Fondren v. Greater New Orleans Expressway Com’n, 03-1383 (La.App. 5 Cir. 4/27/04), 871 So.2d 688, 691. To. prevail under the statute, the plaintiff must establish an actual violation of state law;, a good faith, belief that a violation occurred is insufficient. Accardo v. Louisiana. Health Services & Indem. Co., 05-2377 (La.App. 1 Cir. 6/21/06), 943 So.2d 381, 386.
Here, Causey alleges that an unsafe condition of the floor-sweeper constituted a violation by Winn-Dixie of Louisiana Revised Statute 23:13, which pertinently provides: i
Every employer shall furnish employment which shall be reasonably -safe for the employees therein. They shall furnish and use safety devices and safeguards, shall adopt and use methods and processes reasonably adequate to render such .employment and.the place of employment safe, in accordance with the accepted and approved practice in such or similar industry or places of employment considering .the normal hazard of, such employment, and shall dp every other thing reasonably necessary to protect the life, health, safety and welfare of such employees.
The employer’s duty to provide its employees with a reasonably safe workplace extends to the equipment-- used in connection with that work. See Lytell v. Hushfield, 408 So.2d 1344, 1348 (La.1982). Whether the employer breached that'duty because the floor-sweeper posed an unreá-sonable risk of harm is [^determined by *188 balancing the likelihood and magnitude of harm against the utility of the thing, as well as a broad range of social, economic, and moral factors, including the cost to the defendant of avoiding the harm, and the risk and the social utility of the plaintiffs conduct at the time of the accident. O’Connor v. Litchfield, 03-0397 (La.App. 1 Cir. 12/31/03), 864 So.2d 234, 241.
Causey makes only conclusory allegations that the floor-sweepér’s tire was defective and rendered the floor-sweeper unreasonably dangerous, as evidenced by her alleged injury. In other contexts, it has been recognized that not every imperfection or irregularity creates an unreasonable risk. See Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002, 1012. Furthermore, the fact that an injury occurred as a result of a vice in a thing does not elevate the condition of the thing to an unreasonably dangerous defect. See Lasyone v. Kansas City Southern R.R., 00-2628 (La.4/3/01), 786 So.2d 682, 694.
Accepting the facts alleged in Causey’s petition as true, Causey made an internal complaint to her supervisors 'and to the corporate headquarters about the condition of the floor-sweeper. Thereafter, Winn-Dixie did not require that Causey operate that floor-sweeper again and agreed to have it repaired. While possibly evidence of Causey’s good faith belief that a violation of state law occurred, these facts do not rise to the level of reporting an actual violation of state law as contemplated by the Whistleblower Statute. Accord Lackey v. SDT Waste and Debris Services, LLC, 11-1087 (E.D.La.8/6/14), 2014 WL 3866465, p, 6; Diaz v. Superior Energy Services, LLC, 07-2805 (E.D.La.8/6/08), 2008 WL 3077071, p. 8; see also Matthews v. Military Dept. ex rel. State, 07-1337 (La.App. 1 Cir. 9/24/07), 970 So.2d 1089, 1090 (per curiam), writ denied, 07-2316 (La.2/15/08), 976 So.2d 177, cert. denied, 555 U.S. 818, 129 S.Ct. 82, 172 L.Ed.2d 29 (2008).
^CONCLUSION
Considering the petition in its entirety, we agree with the trial court’s conclusion that Causey has not alleged sufficient facts to set forth a cause of action under the Whistleblower Statute. Accordingly, the trial court’s judgment sustaining the exception urged by Winn-Dixie and dismissing Causey’s claims is- affirmed. Costs of this appeal are assessed to Brenda F. Cau-sey.
AFFIRMED.
PETTIGREW, J., concurs.