STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1376

JOSEPH PORTO

VERSUS

TBC GRAND BAYOU, LLC

*Judgment Rendered:* **MAY 1 1 2020**

********

Appealed from the 17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Suit No. 131388

The Honorable Christopher J. Boudreaux, Judge Presiding

********

Charlotte C. McDaniel McGehee          Counsel for Plaintiff/Appellant
Baton Rouge, Louisiana                 Joseph Porto

James M. Garner                        Counsel for Defendant/Appellee
Jeffrey D. Kessler                     Texas Brine Company, LLC
New Orleans, Louisiana

********

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**LANIER, J.**

Joseph Porto seeks review of the trial court's judgment granting summary judgment in favor of Texas Brine Company, LLC. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Joseph Porto, filed suit on November 21, 2016, against defendant, Texas Brine Company, LLC ("Texas Brine"),[1] seeking damages arising from his employment and involuntary discharge from Texas Brine. Mr. Porto alleged that he reported unsafe employment practices and discrimination to his supervisor to no avail and was subsequently terminated, without explanation, in violation of the Louisiana Whistleblower Statute, La. R.S. 23:967. He sought "compensatory damages, back pay, benefits, reinstatement, reasonable attorney fees, and court costs resulting from the reprisal."

In response to Mr. Porto's claims, Texas Brine filed a motion for summary judgment, asserting that there was no genuine issue as to any material fact and that summary judgment was warranted. Texas Brine argued that "Mr. Porto has failed to produce evidence sufficient to establish a genuine issue of material fact regarding several elements which he will be required to prove at trial if he is to recover under La. R.S. 23:967." In support thereof, Texas Brine submitted excerpts of Mr. Porto's deposition, the affidavit of Chad Morales, and Plaintiff's Answers to Defendant's Interrogatories and Request for Production of Documents.

Mr. Porto filed an opposition to the motion for summary judgment, arguing that there were genuine issues of material fact remaining that precluded summary judgment in this case. Mr. Porto alleged that he reported safety violations and discrimination to his supervisor and was subsequently terminated in violation of La. R.S. 23:967. He further argued that there were genuine issues of material fact

---

[1] Texas Brine was incorrectly identified in Mr. Porto's petition as TBC Grand Bayou, LLC.

as to the report of environmental violations pursuant to La. R.S. 30:2027. In support of his position, Mr. Porto submitted excerpts of his deposition, Plaintiff's Answers to Defendant's Interrogatories and Request for Production of Documents, a copy of Title VII of the Civil Rights Act of 1964, and excerpts of Chad Morales's deposition.

Following a hearing on the motion for summary judgment, the trial court signed a judgment on July 23, 2019, granting same and dismissing, with prejudice, Mr. Porto's claims against Texas Brine. It is from this judgment that Mr. Porto has appealed, arguing that the trial court erred in granting summary judgment because material issues of fact remain and because Texas Brine's motion failed to include a list of undisputed facts as required by District Court Rule 9.10.

## SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1 Cir. 7/18/18), 255 So.3d 16, 21, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3).

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence

3

of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

Appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Georgia-Pacific Consumer Operations, LLC**, 255 So.3d at 22.

## DISCUSSION

Initially, we address Mr. Porto's argument that summary judgment was inappropriate in this case because Texas Brine failed to include a list of undisputed facts as required by Rule 9.10 of the Uniform Rules for Louisiana District Courts. Texas Brine counters that the absence of a statement of undisputed facts did not preclude the trial court from granting summary judgment. Noting that the trial court stated on the record that it reviewed the entire summary judgment record, the motion, and all attachments prior to issuing its judgment, Texas Brine contends the trial court was within its discretion to dispense with the formalities of Rule 9.10.

Rule 9.10(a) provides as follows:

(a) A memorandum in support of a motion for summary judgment shall contain:

(1) A list of the essential legal elements necessary for the mover to be entitled to judgment;

(2) A list of the material facts that the mover contends are not genuinely disputed; and

(3) A reference to the document proving each such fact, with the pertinent part containing proof of the fact designated.

Based on our review of Texas Brine's memorandum in support of its motion for summary judgment, we are satisfied that the elements of Rule 9.10(a)(2) are satisfied, *i.e.*, Texas Brine detailed the facts it contends were undisputed. Moreover, Texas Brine submitted documents that supported the facts it contends are undisputed. Where documents submitted in support of a motion for summary judgment are sufficient, the trial court is warranted in waiving the requirement for a statement of uncontested facts. **Hibernia Nat. Bank v. Rivera**, 2007-962 (La. App. 5 Cir. 9/30/08), 996 So.2d 534, 538. Because Texas Brine introduced the documentation that supports the facts it contends are undisputed, the trial court did not err in waiving the requirements of Rule 9.10(a)(2). Furthermore, as noted by Texas Brine, the inclusion of an enumerated list of undisputed facts in its reply memorandum cured any possible defect in its original memorandum. **Oak Harbor Property Owners' Ass'n, Inc. v. Millennium Group I, LLC**, 2012-1317 (La. App. 1 Cir. 5/28/13), 2013 WL 2316592, *5 n.7.

Next, we address the merits of the summary judgment rendered against Mr. Porto. Mr. Porto argues on appeal that his good faith belief that a violation of state law occurred rises to the level of reporting an actual violation of state law as contemplated by the Louisiana Whistleblower Statute.

The Louisiana Whistleblower Statute, La. R.S. 23:967, pertinently provides:

A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:

(1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.

(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.

(3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

5

In **Accardo v. Louisiana Health Services & Indemnity Company**, 2005-2377 (La. App. 1 Cir. 6/21/06), 943 So.2d 381, 383, this court examined La. R.S. 23:967 to determine whether the statute provided protection to a plaintiff who reports what he believes, in good faith, is a violation of law. Noting that the statute provides protection to employees, against reprisal from employers, for reporting or refusing to participate in illegal work practices, the court stated that whether a plaintiff must prove an actual violation of state law to establish a Louisiana Whistleblower claim was a *res nova* issue. *Id.* After applying pertinent principles of statutory construction, this court concluded that the statute requires an employee to prove an actual violation of state law by the employer in order to prevail on the merits under the Louisiana Whistleblower Statute.[2] *Id.*, 943 So.2d at 387; see also **Causey v. Winn-Dixie Logistics, Inc.**, 2015-0813 (La. App. 1 Cir. 12/23/15), 186 So.3d 185, 187.

Thus, in order to prevail in this case, Mr. Porto must establish that (1) Texas Brine violated the law through a prohibited workplace act or practice; (2) he advised Texas Brine of the violation; (3) he then refused to participate in the prohibited practice or threatened to disclose the practice; and (4) he was fired as a result of his refusal to participate in the unlawful practice or threat to disclose the practice. Failure to put forth evidence to satisfy any of these elements must result in a summary judgment in favor of Texas Brine.

After hearing argument of counsel at the summary judgment hearing below, the trial court stated as follows:

> The Court has reviewed the motion, all attachments, the entire record. The Court has reviewed the affidavits and [excerpts] of deposition of

---

[2] After this court's decision in **Accardo**, the Louisiana Supreme Court granted an application for supervisory writs in **Encalarde v. New Orleans Center for Creative Arts/Riverfront**, 2014-2430 (La. 2/13/15), 158 So.3d 826-827, and reached the same conclusion on this issue (trial court's judgment reversed and summary judgment rendered in favor of relator where plaintiff failed to present any evidence indicating relator engaged in any conduct that would constitute a "violation of state law" for purposes of La. R.S. 23:967(A)(1)).

6

[sic] testimony attached. I don't think I can restate it any clearer counsel then the way that the defendant did in [its] memorandum in support of the motion for summary judgment filed on February 21, 2019. The Court is going to adopt the reasoning in that memorandum.

The Court's in agreement regarding its assessment of Revised Statute 23:967. I think the language is clear tha[t] an employee is required to advise the employer of the alleged violation before having a cause of action in this matter. He can't remain silent and just assume the employer knows what he has alleged to have done wrong. I think that's the key. I don't think I can determine from the facts presented whether a violation of law did or did not take place. I mean there are allegations, but I don't think I can determine that.

… So the motion for summary judgment is proper as to that. There has been reference to Revised Statute 30 Section 2027 Environmental Violations while there's no facts that would establish environmental violations presented or any cause of action under that statute.

According to the record, Mr. Porto alleged he was terminated shortly after refusing to repair a pipeline leak due to what Mr. Porto called "safety protocol." Mr. Porto stated that the laws/regulations that Texas Brine was violating were Occupational Safety and Health Administration ("OSHA") regulations and not state laws as required by La. R.S. 23:967. However, in his deposition Mr. Porto testified that he did not report his belief that these were violations of law to anyone at Texas Brine, or to a governmental agency, or to the press. When asked in discovery to identify any state law that he contended Texas Brine had violated, Mr. Porto stated as follows:

Objection calls for legal conclusions. Generally, La. R.S. Title 30 and La. R.S. Title 33. Specifically, the DEQ regulates 33:1:3917.0; also, Title 30.4, rules and regulations including prevention of pollution of fresh water supplies by salt water. Also see pigging line would be safer with two (2) people; hole with geyser runoff; no safety equipment; no sniffer; no shoring; no stepping; safety in general[.] See La. R.S. 30.8.

With regard to Mr. Porto's claim that Texas Brine was violating laws regarding pollution, he admitted that not only did he not believe that Texas Brine was violating any pollution laws, but that he never informed anyone at Texas Brine that he believed that the company was violating any laws regarding pollution.

We have thoroughly reviewed the evidence and the record and agree with the trial court's conclusion that summary judgment was warranted in this case. The arguments made by Mr. Porto on appeal are without merit. As Mr. Porto has failed to articulate any state law that Texas Brine has violated, he has failed to create a genuine issue of material fact as to an essential element of his claims under the Louisiana Whistleblower Statute.[3] There is simply no evidence in the record to support Mr. Porto's claims. Accordingly, summary judgment in favor of Texas Brine was appropriate.

## CONCLUSION

For the above and foregoing reasons, we affirm the trial court's July 23, 2019 judgment and assess all costs associated with this appeal against appellant, Joseph Porto.

**AFFIRMED.**

---

[3] We acknowledge that unlike claims made pursuant to the Louisiana Whistleblower Statute, with claims made under the Louisiana Environmental Whistleblower Statute, La. R.S. 30:2027(A), there is no requirement that there be an actual violation of state law to be actionable. **Walter v. BP America, Inc.**, 2012-0177, 2014 WL 1796676, *19 (E.D. La. May 6, 2014). However, there are still five requirements for a cause of action under La. R.S. 30:2027: 1) employee acts in good faith; 2) employee reports, or threatens to report, a violation; 3) employee reasonably believes the activity, policy, or practice undertaken by his employer, or another employer with whom there is a business relationship with his employer, is a violation of an environmental law; 4) employee reports, or threatens to report, the violation to a supervisor or to a public body of the employer; and 5) employer acts in retaliatory manner because the employee reported, or threatened to report, a violation. **Collins v. State ex rel. Dept. of Natural Resources**, 2012-1031 (La. App. 1 Cir. 5/30/13), 118 So.3d 43, 49. Based on the record before us, there is no evidence that Mr. Porto believed that Texas Brine was violating any environmental law. Thus, summary judgment as to any claim made under La. R.S. 30:2027 was appropriate as well.