# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

SHARON ROWE

VERSUS

VILLA FELICIANA MEDICAL COMPLEX,
THROUGH REBECCA GEE SECRETARY OF
DEPARTMENT OF HEALTH AND
HOSPITALS, STATE OF LOUISIANA

NO.  2020 CW 0462

AUGUST 03, 2020

---

In Re:   Villa Feliciana Medical Complex, through the Louisiana
         Department of Health, applying for supervisory writs,
         19th Judicial District Court, Parish of East Baton
         Rouge, No. 683117.

---

**BEFORE:   HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

　　　**WRIT GRANTED.**  The trial court's January 22, 2020, judgment
denying the defendant's exception of no cause of action with
regard to plaintiff's amended petition is reversed.  Plaintiff
has not stated a cause of action under the Louisiana
Whistleblower Statute, La. R.S. 23:967, given that her petition
fails to cite a state law the defendant purportedly violated.
See **Causey v. Winn-Dixie Logistics, Inc.**, 2015-0813 (La. App.
1st Cir. 12/23/15), 186 So.3d 185, 188.  Plaintiff also fails to
state a claim under the whistleblower provision of the Medical
Assistance Programs Integrity Law, La. R.S. 46:440.3, given that
plaintiff did not allege that the defendant fraudulently sought
payment from the Medicaid program to which it was not entitled.
See **Mixon v. Iberia Surgical, L.L.C.**, 2006-878 (La. App. 3rd
Cir. 4/18/07), 956 So.2d 76, 80, writ denied, 2007-1050 (La.
8/31/07), 962 So.2d 438.  Further, any relief plaintiff seeks
under the whistleblower provision in the Code of Governmental
Ethics, La. R.S. 42:1169, shall be sought from the Board of
Ethics rather than the district court.  See **Collins v. State ex
rel. Dept. of Natural Resources**, 2012-1031 (La. App. 1st Cir.
5/30/13), 118 So.3d 43, 47-48.  Additionally, plaintiff's claim
seeking recovery under La. Civ. Code art. 2315 for negligent
acts and injuries sustained arises from the same set of factual
allegations supporting her claim for constructive discharge
under the Louisiana Whistleblower Statute such that the claim is
barred by the exclusive remedy provisions of the Louisiana
Workers' Compensation Act.  See La. R.S. 23:1032 and **Broussard
v. Lafayette City-Parish Consolidated Government**, 45 F.Supp.3d
553 (W.D. La. 2014).  Moreover, we note that plaintiff has
already been afforded the opportunity to amend her petition in
accord with La. Code Civ. P. art. 934.  In light of the
foregoing, we sustain the exception raising the objection of no
cause of action filed by the defendant, Villa Feliciana Medical
Complex, through the Louisiana Department of Health, and dismiss
plaintiff's claims against defendant.

                              **TMH**
                              **AHP**
                              **WIL**

COURT OF APPEAL, FIRST CIRCUIT

_____
 DEPUTY CLERK OF COURT
    FOR THE COURT